IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| *JUDITH LEAVELL*, <br>     Plaintiff, | ) <br> ) <br> ) |
| *v.* | ) <br> ) |
| *MRS BPO, LLC.*, <br>     Defendant. | ) <br> ) <br> ) |

## COMPLAINT

Plaintiff Judith Leavell, by her counsel, Paúl Camarena, respectfully complains as follows:

### Introduction.

1)      In 1978, the United States Congress found "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."  15 U.S.C § 1692(a).  Thus, Congress enacted The U.S. Fair Debt Collection Practices Act "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."  15 U.S.C § 1692(e).

2)      Debt Collector-Defendant MRS BPO L.L.C., on its website, asserts that Defendant "MRS Agent[s] Call[ ] Customer[s] with Care, Compassion, and Respect."  (Sic.)  However, in fact, Debt Collector-Defendant MRS BPO LLC continues to use abusive, deceptive, and unfair debt collection practices and, hence, has violated the Fair Debt Collection Practices Act.

**Jurisdiction and Venue.**

3) Pursuant to 28 U.S.C. § 1331, United States District Courts have jurisdiction of this civil action because the action arises under the laws of the United States. Pursuant to 28 U.S.C. § 1391(b)(2), the Northern District of Illinois, Eastern Division, is the proper venue because a substantial part of the events or omissions giving rise to this action occurred in the Northern District of Illinois, Eastern Division.

**Parties.**

4) Plaintiff Ms. Leavell is a "consumer" as that term is defined in 15 U.S.C. § 1692a(3).

5) Defendant MRS BPO LLC is "debt collector" as that term is defined in 15 U.S.C. § 1692a(6). Defendant MRS BPO LLC is also a Limited Liability Company organized in the State of New Jersey and authorized to transact business in the State of Illinois.

**Facts.**

6) Like millions of other Americans, Ms. Leavell has incurred significant consumer debts, she has struggled to service all of her consumer debts, and she eventually became delinquent with respect to some consumer debts, including a consumer debt from a Mercury Credit Card. Debt Collector-Defendant MRS BPO eventually began managing Ms. Leavell's delinquent consumer debt to Mercury Credit.

7) Upon information and belief, Debt-Collector-Defendant MRS places telephone calls from the East Coast. However, when Debt-Collector-Defendant MRS calls consumers in Chicago, Defendant causes local telephone numbers to appear on the consumers' telephone caller identification systems, so as to fool consumers into believing that their acquaintances are calling. Therefore, when Debt-Collector-Defendant MRS calls Ms. Leavell, a local telephone number (312-637-4656) appears on her telephone caller identification system, but Defendant's name does

not appear on the telephone caller I.D. system.

8) Debt-Collector-Defendant MRS has called Ms. Leavell and Defendant has hung up on Ms. Leavell or on her voice mail without making any statement at all.

9) On at least one occasion, Debt-Collector-Defendant MRS called Ms. Leavell and did not hang up, but Defendant was asked to stop calling Ms. Leavell.

10) Despite the request to stop calling Ms. Leavell, Debt-Collector-Defendant MRS continues to call Ms. Leavell, while she is in the Eastern Division.

11) Debt-Collector-Defendant MRS's telephone calls to Ms. Leavell have caused her damages because, *inter alia*, the calls have caused her frustration.

## Causes of Action.

### Count One (15 U.S.C. § 1692d).

12) The Fair Debt Collection Practices Act, in 15 U.S.C. § 1692d, provides that a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person."

13) Debt-Collector-Defendant MRS has violated Section 1692d by placing telephone calls from the East Coast while causing a local telephone number to appear on Ms. Leavell's telephone caller identification system, so as to fool her into believing that an acquaintance is calling her.

### Count Two (15 U.S.C. § 1692e).

14) The Fair Debt Collection Practices Act, in 15 U.S.C. § 1692e, provides that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

15) Debt-Collector-Defendant MRS has violated Section 1692e by placing telephone calls

from the East Coast while causing a local telephone number to appear on Ms. Leavell's telephone caller identification system, so as to fool her into believing that an acquaintance is calling her.

### Count Three  (15 U.S.C. § 1692d).

16)     The Fair Debt Collection Practices Act, in 15 U.S.C. § 1692d, provides that a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person."

17)      Debt-Collector-Defendant MRS has violated Section 1692d by calling Ms. Leavell and hanging up on her or on her voice mail, without making any statement at all.

### Count Three  (15 U.S.C. § 1692d(5)).

18)     The Fair Debt Collection Practices Act, in 15 U.S.C. § 1692d, provides that a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person."  Subsection 1692d(5) specifically prohibits "[c]ausing a telephone to ring ... repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

19)     Debt-Collector-Defendant MRS has violated Subsection 1692d(5) by causing Ms. Leavell's telephone to ring only to hang up on her or on her voice mail, without making any statement at all.

### Count Four  (15 U.S.C. § 1692d(6)).

20)     The Fair Debt Collection Practices Act, in 15 U.S.C. § 1692d, provides that a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person."  Subsection 1692d(6) specifically prohibits "the placement of telephone calls without meaningful disclosure of the caller's identity."  "Plaintiff alleges that Defendant

hung up either prior to or as soon as Plaintiff [ ] or Plaintiff's voice mail answered the call. Accordingly, if, as Plaintiff claims, Defendant called Plaintiff and hung up the phone, common sense dictates that Defendant did not provide 'meaningful disclosure of [its] identity,' as required by § 1692d(6)." *Sussman v. I.C. Sys. Inc.*, 928 F. Supp. 2d 784, 794 (S.D.N.Y. 2013) (internal quotations and citations omitted). "Plaintiff further contends that defendant violated FDCPA section 1692d(6) … by placing telephone calls to plaintiff and hanging up the line when plaintiff or his answering machine answers. If, as plaintiff alleges, defendant calls plaintiff and hangs up the phone, common sense dictates that defendant has not provided meaningful disclosure under FDCPA section 1692d(6)." *Langdon v. Credit Mgmt., L.P.*, 2010 WL 3341860, *2 (N.D.CA. 2010) (internal quotations omitted).

21)     Debt-Collector-Defendant MRS has violated Subsection 1692d(6) by placing telephone calls to Ms. Leavell and hanging up on her or on her voice mail, without making any statement at all.

Count Five  (15 U.S.C. § 1692d).

22)     The Fair Debt Collection Practices Act, in 15 U.S.C. § 1692d, provides that a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person."

23)      Debt-Collector-Defendant MRS has violated Section 1692d by continuing to call Ms. Leavell even though Defendant was asked to stop calling her.

Count Six  (15 U.S.C. § 1692d(5)).

24)     The Fair Debt Collection Practices Act, in 15 U.S.C. § 1692d, provides that a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person." Subsection 1692d(5) specifically prohibits "engaging any person in

telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass." When "assessing whether a defendant's phone calls were harassing under § 1692d(5)," evidence includes "where a plaintiff has shown that he asked the collection agency to stop calling ... and the collection agency nevertheless continued." *Kayyal v. Enhanced Recovery Company*, L.L.C., 17 cv 2718 (N.Dist.Ill. 2019), D.E. 75, pp. 4 – 5.

25) Debt-Collector-Defendant MRS has violated Subsection 1692d(5) by continuing to call Ms. Leavell even though Defendant was asked to stop calling her.

### Prayer for Relief.

WHEREFORE, Judith Leavell respectfully requests that this Court hold a trial by jury and that this Court will enter judgment in her favor (and against Debt-Collector-Defendant MRS) for her actual and statutory damages, including reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

       Respectfully submitted,
       Plaintiff's, Judith Leavell's, Counsel
       North & Sedgwick, L.L.C.
by:   */s/ Paúl Camarena*  .
       Paúl Camarena, Esq.
       500 So. Clinton, No. 132
       Chicago, IL 60607
       paulcamarena@paulcamarena.com
       (312) 493-7494