IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GABRIEL BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:20 CV 06762 |
| | ) | |
| v. | ) | Judge Robert W. Gettleman |
| | ) | |
| MRS BPO, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION & ORDER**

Plaintiffs Judith Leavell and Gabriel Brown brought a seven-count complaint against defendant MRS BPO, LLC, alleging violations of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. Plaintiff Judith Leavell later moved to dismiss her own claims (Counts I–III) against defendant. In Counts IV–VII, plaintiff Gabriel Brown ("plaintiff") alleged that defendant violated various provisions of the FDCPA. Plaintiff and defendant cross-moved for summary judgment on all remaining counts (Docs. 33, 34). The court denied plaintiff's motion and granted in part and denied in part defendant's motion on September 9, 2022 (Doc. 50), Brown v. MRS BPO, LLC, 20 CV 06762, 2022 WL 4119789 (N.D. Ill. Sept. 9, 2022), and set the case for a jury trial in October 2023.

Plaintiff's remaining claims are Count VI for alleged violations of § 1692d(6) of the FDCPA for lack of meaningful disclosure of its identity, and Count VII for alleged violations of § 1692e for false, deceptive, or misleading representations. On its own motion, the court reconsiders its denial of defendant's motion for summary judgment on Counts VI and VII, and grants summary judgment for defendant on those counts.

1

## BACKGROUND

When Judith Leavell ("Leavell") became delinquent with respect to certain debts, including a debt from a Mercury Credit Card, Security Credit Services, LLC ("Security Credit") retained defendant to collect the debt. When defendant received the account for collection on September 29, 2020, Security Credit indicated to defendant that Leavell could be reached at a Chicago area telephone number ending in the digits 3906. Between September 30, 2020, and November 11, 2020, defendant placed 17 calls to the telephone number ending in the digits 3906 in its attempt to contact Leavell.

Plaintiff Gabriel Brown is Leavell's daughter and brings this case alleging that defendant contacted her multiple times. Plaintiff asserts that defendant called her telephone number, ending in the digits 3906, 17 times to locate Leavell regarding her debt. Plaintiff notes that when she received these calls from defendant, the caller identification device displayed the numbers (312) 637-4619 and (312) 637-4656 and nothing else. Because the numbers contained a local Chicago area code, plaintiff complains that she interrupted her self-employment to answer defendant's calls. If an out-of-state telephone number, or defendant's name, appeared on her caller identification device, plaintiff alleges that she would not have answered the calls.

Defendant does not dispute that it used the local Chicago area code of (312) to call plaintiff, despite its corporate office being in Cherry Hill, NJ, with secondary locations in Westerville, OH, and Dothan, AL. In fact, Defendant produced a list of the 17 calls that confirms them. This list includes a "Contract From" category indicating that a "(312) 637-XXXX" number was used with respect to all 17 calls and a "Contact Target" category indicating plaintiff's telephone number. Defendant is the exclusive owner of the telephone numbers used to place calls in connection with Leavell's debt on the indicated account, including the calls to the

telephone number ending in the digits 3906. If anyone were to place a call to these numbers, such a call would be directly connected with the defendant.

The parties dispute various aspects of the only two telephone calls that resulted in a connection between defendant and a recipient. While plaintiff asserts that she answered these calls, defendant argues that the calls were answered by an individual who did not identify herself. Defendant produced a recording of a telephone call from October 27, 2020, during which defendant's representative's stated that "My name is Donald Tucker. I'm trying to reach Judith Leavell," and the recipient of the call stated in response that, "I will have my attorney contact you guys [and] my attorney will be contacting you guys, thank you, cause you're violating the FCRA." A telephone call from November 11, 2020, also resulted in a connection. During the November 11, 2020, call, the recipient stated, among other things,

> "Okay. I've asked you guys now twice not to call this phone and I told you guys that I would refer it to an attorney . . . so now because I've asked you guys that now twice not to call and you guys continue to call . . . I will be forwarding this to an attorney. So, MRS associates, correct?"

In response to this statement, the MRS representative indicated, "That's correct." After this call, defendant did not place any additional calls to the telephone number ending in 3906.

On November 13, 2020, Leavell commenced this action against defendant alleging violations of the FDCPA. Approximately five months later, Leavell filed an amended complaint which added Gabriel Brown as a plaintiff. Plaintiff Leavell moved the court to dismiss her own claims against defendant, which the court granted on August 12, 2021. On July 28, 2021, plaintiff Brown gave deposition testimony that she did not remember what information appeared on her caller identification system when she received calls from defendant, where defendant was located when it placed calls to her, or which telephone numbers defendant used to contact her. Conversely, in plaintiff's affidavit, she stated that, having "refresh[ed her] recollection of

3

telephone calls that [she] received last fall," she recalls having received calls displaying the numbers (312) 637-4619 and (312) 637-4656 and nothing else on her caller identification system, on October 14, 2020, and November 2, 2020, respectively. Plaintiff states, "Both of these calls and hung-ups [sic] were annoying to me and stressed me to the point that I shook."

## DISCUSSION

A court has the authority to reconsider its earlier denial of summary judgment based on the record as it stands in preparation for trial. See Sanders v. Collins, 162 F. App'x 613 (7th Cir. 2006) (affirming the district court's ruling of summary judgment based on its new understanding of the record and the case while preparing jury instructions). Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When considering a motion for summary judgment, the court's function is limited to determining whether the parties have provided sufficient evidence to support a factual dispute that warrants submission to a jury for resolution at trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). The court must view all facts in the light most favorable to the nonmovant and draw all reasonable inferences in her favor. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The nonmovant, however, "must present affirmative evidence in order to defeat a properly supported motion for summary judgment." Anderson, 477 U.S. at 257.

The court denied defendant's motion for summary judgment on Counts VI and VII because it concluded that plaintiff had presented sufficient evidence to establish a genuine dispute whether defendant violated § 1692d(6) of the FDCPA for lack of meaningful disclosure

4

of its identity, and § 1692e for false, deceptive, or misleading representation.  The court begins by reconsidering its analysis of § 1692d(6) under Count VI.

Section 1692d(6) generally provides that a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person."  Section 1692d(6) specifically prohibits "the placement of telephone calls without meaningful disclosure of the caller's identity."  Plaintiff alleges that defendant violated § 1692d(6) by using local area codes, rather than the out-of-state area codes particular to its office locations, to deceive plaintiff into answering.  Plaintiff testified that she would not have answered defendant's calls if defendant had caused an out-of-state telephone number, or defendant's name, to appear on her caller identification device.  On summary judgment, plaintiff argued that "common sense dictates that Defendant did not provide 'meaningful disclosure of [its] identity'" when conducting its calls in such a manner.  Defendant countered that it made a meaningful disclosure of its identity because it displayed true and accurate numbers that belong to it, and such numbers would have connected plaintiff with defendant if plaintiff had sought further information regarding its identity.

In denying defendant's motion for summary judgment, this court concluded that plaintiff had raised at least a genuine dispute that the use of local area codes is a violation of under § 1692d(6), because defendant's manipulation of area codes was "evidence of defendant's steps to hide its identity and suggests its intent to harass plaintiff under § 1692d(6)."  Brown v. MRS BPO, LLC, 20 CV 06762, 2022 WL 4119789, at *11 (N.D. Ill. Sept. 9, 2022).  This court cited Leavell v. Fin. Recovery Servs., Inc., No. 20 C 6908, 2022 WL 1641721 (N.D. Ill. May 24, 2022), which determined that a defendant's steps "to hide its number or identity on caller

identification systems" may be significant in evaluating the debt collector's meaningful disclosure. Brown, 2022 WL 4119789, at *11.

With the benefit of the parties' pretrial submissions, however, the court concludes that summary judgment in favor of defendant is appropriate on Count VI for defendant's alleged failure to meaningfully disclose its identity. Plaintiff does not dispute that defendant displayed true and accurate numbers that belong to defendant, and that plaintiff would have reached defendant if she had sought further information about defendant's identity by calling back. Defendant's trial preparation materials have clarified its arguments.

For example, defendant emphasizes another section of the FDCPA, § 1692c(b), which provides that "a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer." Plaintiff does not bring a claim under § 1692c(b), but defendant argues that this section is evidence that defendant was statutorily prohibited from providing further information about, or otherwise disclosing, its identity to plaintiff because its targeted consumer was her mother, Judith Leavell. Defendant emphasizes that plaintiff did not provide her name or otherwise clarify her identity after defendant's representative stated that, "I'm trying to reach Judith Leavell," so they could not be certain of their obligations under the FDCPA. According to defendant, further disclosure of its identity to plaintiff pursuant to § 1692d(6) would risk liability under § 1692c(b).

Plaintiff's counterargument is not persuasive. Plaintiff counters that § 1692b imposes certain obligations upon debt collectors who are seeking location information for their targeted consumers, such as identifying themselves and limiting their communication with such third parties to one call, with certain exceptions when the debt collector "reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct

6

or complete location information." Plaintiff, however, has provided no evidence that defendant was calling to seek location information for Judith Leavell, rather than simply calling the number it had for Leavell to collect her debt. Moreover, plaintiff did not provide enough information to warn defendant's representatives that she was not the targeted consumer, even after they stated that they were attempting to reach Judith Leavell.

Ultimately, defendant's most convincing argument is that plaintiff is not complaining about defendant's disclosure, or lack of disclosure, <u>during</u> its telephone communications with her. Instead, she is arguing that defendant violated § 1692d(6) based on the caller identification display alone. In light of § 1692c(b), which restricts the information that debt collectors can provide before it knows which individual has answered its call, a reasonable jury could not find that defendant failed to meaningfully disclose itself under § 1692d(6). Thus, the court grants summary judgment in favor of defendant on Count VI.

The court next reevaluates its denial of summary judgment on Count VII for defendant's alleged violations of § 1692e of the FDCPA for false, deceptive, or misleading representations.

Section 1692e provides that a "debt collector may not use any false, deceptive, or misleading representation." On summary judgment, plaintiff argued that defendant violated § 1692e by placing telephone calls to plaintiff from the east coast while causing a local number to appear on plaintiff's caller identification system "so as to deceive [plaintiff] into believing that a friend or relative was calling her so that she would answer those calls." Plaintiff argued that this count is conclusively established under <u>Knoll v. Allied Interstate, Inc.</u>, 502 F. Supp. 2d 943 (D. Minn. 2007). In <u>Knoll</u>, a debt collector caused the false name "Jennifer Smith" to be displayed on a debtor's caller identification system, rather than the company's name or number,

7

despite the fact that no one named "Jennifer Smith" worked at the company. Id. at 945. The court held that using such a false name is a plausible violation of § 1692e. Id. at 948.

On summary judgment, defendant countered that § 1692e is not that simple, and the facts of Knoll are distinguishable from the facts of this case. Defendant continues to emphasize that numerous courts have held that the use of local area codes to call debtors does not violate the FDCPA. See, e.g., Mendoza v. Diversified Consultants, Inc., 2019 WL 2524117, at *3 (E.D. Pa. June 18, 2019); Bermudez v. Diversified Consultants Inc., 2019 WL 415569, at *3 (E.D. Pa. Feb. 1, 2019); Bien v. Stellar Recovery, Inc., 2015 WL 5554670, at *1, 3 (D.R.I. Sep. 21, 2015); Scheffler v. Integrity Fin. Partners, Inc., 2013 WL 9768539, at *4 (D. Minn. Oct. 28, 2013). These courts relied on the distinction between Knoll and the use of local area codes: displaying telephone numbers which otherwise belong to a debt collector is distinct from displaying a false name. The latter is misleading, whereas the former is not.

In denying summary judgment in favor of defendant, the court emphasized that none of defendant's cited cases are binding upon this court, and that § 1692e prohibits debt collectors from using not just "any false, deceptive, or misleading representation," but any "false, deceptive, or misleading representation or means." Brown v. MRS BPO, LLC, 20 CV 06762, 2022 WL 4119789, at *12 (N.D. Ill. Sept. 9, 2022). This court concluded that plaintiff raised at least a genuine dispute that defendant's use of local area codes is a means of contacting consumers which is false, deceptive, or misleading. Id. As plaintiff alleged, she would not have answered the call but for its means of contact (i.e., manipulation of area codes).

The court, however, reconsiders its denial of summary judgment in defendant's favor in Count VII, pursuant to its new understanding of the parties' arguments and the more complete pretrial record before the court. Defendant points out that not only does defendant own the

8

relevant telephone numbers, but defendant is licensed to do business in Illinois, and is registered as a foreign corporation in Illinois. Thus, defendant argues that it conveyed "wholly truthful and accurate communication[s]" to plaintiff. The court reasoned in Bermudez v. Diversified Consultants Inc., 2019 WL 415569 (E.D. Pa. Feb. 1, 2019), that § 1692e "protect[s] consumers against the false representation or implication that a debt collector has an affiliation that he does not have, or that he is not a debt collector at all." Id. at *3. This court agrees with the Bermudez court's statement that § 1692e "manifests the intent of Congress to protect consumers from being misled about the nature of who the debt collector on the phone is, not merely from where that debt collector is calling." Id. Therefore, like the Bermudez court, the court finds that the use of a particular telephone number, by a defendant whose business location is covered by a different area code, is not materially misleading information or prohibited conduct under the FDCPA.

Further, defendant argues that its cited (although non-binding) precedents are consistent with guidance from the Federal Communications Commission ("FCC") in the context of the Truth in Caller ID Act ("TCIA"), based on the FCC's Report and Order implementing the TCIA on June 22, 2011. In response to a third-party entity's comments asking the FCC to exempt a service that allowed collection agencies to manipulate caller identification information to display a local number, the FCC noted that "[t]he legislative history of the Act makes clear that manipulation or alteration of caller ID information done without the requisite harmful intent does not violate the Act. Nothing in our implementing rules changes that fact." When asked to clarify whether manipulating caller ID to display a local number is a violation of the TCIA, the FCC responded that "[w]e agree that such a practice is not in and of itself a violation of the Act."

While plaintiff counters that the TCIA is not the same as the FDCPA, defendant does not argue that they are the same. The court determines that the FCC's guidance demonstrates the

9

reasonableness of manipulating caller identification information for certain "normal and helpful business practices." Plaintiff does not provide evidence otherwise. Moreover, because, as defendant emphasizes, plaintiff's remaining claim does not rely on her conversations with defendant's representatives, but rather solely disputes the legality of defendant's general practice of manipulating the area codes listed on caller identification devices pursuant to § 1692e, the remaining question before the court is a question of law, not fact.

Consequently, the court grants summary judgment in favor of defendant on Count VII.

## CONCLUSION

For the reasons set forth above, the court grants summary judgment in favor of defendant on all remaining counts (Counts VI and VII) against it. The trial previously set for October 17, 2023, is vacated.

**ENTER:**

**Robert W. Gettleman**
**United States District Judge**

**DATE: September 22, 2023**